IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ADOLFO PENA,

     Petitioner,

v.                                   CASE NO. 1:18-cv-129-MCR-GRJ

SECRETARY, FL. DEPT.
OF CORRECTIONS,

     Respondent.
_____/

## <u>REPORT AND RECOMMENDATION</u>

Petitioner initiated this case on July 9, 2018 by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his Alachua County, Florida guilty plea and conviction on three counts for which he is serving a ten-year sentence. ECF No. 1.  The trial court sentenced Petitioner to five-years on Count I-Improper Use of a Computer and Count III-Unlawful Use of a Two-Way Communication Device, and ten years on Count II-Traveling to Meet a Minor, with the sentences to run concurrently.

Petitioner filed an Amended Petition on July 23, 2018. ECF No. 4. On November 7, 2018, the Respondent filed a Response together with relevant portions of the state court record.  ECF No. 4.  Although afforded an

opportunity to do so, Petitioner has not filed a reply.  Upon due consideration of the Petition and the Response, it is respectfully recommended that the Petition be denied.[1]

## I. State Court Procedural History

The procedural history of Petitioner's case may be summarized as follows.  Petitioner was charged by an Information in the Eighth Judicial Circuit Court in and for Alachua County, Florida in Case No. 2013CF002441 with: Count I - Improper Use of a Computer; Count II – Traveling to Meet a Minor; and Count III – Unlawful Use of a Two-Way Communication Device. ECF 14-1 at 7.

Prior to the plea hearing, counsel filed a motion to suppress Petitioner's statements and all evidence obtained as a result of those statements, ECF 14-1 at 55-63, and a motion to dismiss based on entrapment and double jeopardy grounds.[2] ECF 14-1 at 47-54. On June

---

[1] Because the Court may resolve the Petition by reviewing the record, the Court has determined that an evidentiary hearing is not warranted.  See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2] In the motion to dismiss, trial counsel for Petitioner noted a split in the Florida circuit courts as to whether the solicitation and traveling statutes challenged by Petitioner violated double jeopardy principles, noting that the First District Court of Appeal had held that double jeopardy did not apply whereas other circuits had held otherwise. ECF 14-1 at 50. The Florida Supreme Court later resolved the split, holding that double jeopardy bars a conviction on both counts. *State v.* Shelley, 176 So.3d 914, 919 (Fla. 2015). The Florida Supreme Court also held that the appropriate remedy is to reverse the lesser offense conviction of solicitation and affirm the greater offense of traveling. *Id.* at 919-20. That decision has no bearing on these proceedings as Petitioner's double

10, 2014, the state court denied the motion to suppress. ECF 14-1 at 15.

On June 11, 2014, the motion to dismiss was pending when Petitioner

entered open no contest pleas on all counts before the court and faced

sentencing. *Id.* The state court sentenced Petitioner to five (5) years in

Counts I and III and to ten (10) years in Count II, with the sentences to run

concurrently. ECF 14-1 at 8 and 86-90.

Petitioner appealed his judgment and sentence to the First District

Court of Appeal (hereinafter "1st DCA") in Case No. 1D14-2786. Upon the

filing of an *Anders*[3] brief, Petitioner was permitted to file his own brief and

instead filed a notice of non-briefing.  On February 20, 2015, the 1st DCA

issued a *per curiam* opinion, affirming the trial court. *Pena v. State*, 158

So.3d 570 (Fla. 1st DCA 2015). The court's mandate was issued on March

18, 2015. No further review was sought.

On April 21, 2015, Petitioner filed his *pro se* Motion for Postconviction

Relief pursuant to Florida Rule of Criminal Procedure 3.850 under the

---

jeopardy challenge is foreclosed by his entry of a guilty plea as discussed herein.
Moreover, Petitioner's sentence would not be affected as his conviction on the lesser
offense of five (5) years for solicitation of a minor runs concurrent with the conviction on
the greater offense of traveling, which is ten (10) years.

[3] *Anders v. California*, 386 U.S. 738, 741-42 (1967). Under *Anders*, if a criminal
defendant insists on pursuing an appeal, but appointed counsel believes the appeal to
be without merit, counsel must thoroughly review the record and the law, file a brief
detailing that review, explain why an appeal would be frivolous, and move to withdraw
as counsel. Faced with an *Anders* brief, the appellate court undertakes its own review.

mailbox rule. Petitioner contended that his pleas had been involuntarily given based on ineffective assistance of counsel in that counsel had misadvised him that he faced a maximum four-year sentence if he pleaded no contest rather than go to trial. Petitioner further asserted that counsel misadvised him that the motion to dismiss would be heard by an appellate court after the plea was entered. Lastly, he argued that counsel was ineffective in failing to pursue the motion to dismiss because Counts I and II were barred by double jeopardy. The court summarily denied all claims, attaching records to support its decision.

Petitioner appealed the denial of his motion for postconviction relief to the 1st DCA in Case No. 1D16-871 on three grounds: (1) he was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel as a result of counsel's misadvising him that the court would "work with him" and a four-year sentence would be the "worst case" scenario; (2) trial counsel failed to ensure that the motion to dismiss would be heard by the appellate court subsequent to the entered plea; and (3) he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when trial counsel advised him to waive/abandon the issue of double jeopardy prior to entering the open plea. The State filed a Notice of Non-Briefing. On June 2, 2016, the 1st DCA affirmed *per curiam* without a written

decision. *Pena v. State*, 194 So.3d 1025 (Fla. 1st DCA 2016). The mandate issued on August 9, 2016. No further review was sought.

On July 12, 2016, Petitioner filed a Motion to Correct Illegal Sentence under the mailbox rule, claiming that his sentences for soliciting a minor and traveling to meet a minor violated double jeopardy principles. The court found that the claim was really a challenge to the convictions that should have been brought under Florida Rule of Criminal Procedure 3.850, and when considered as such, that the claim lacked merit.

Petitioner appealed the denial of his postconviction motion to the 1st DCA in Case No. 1D16-3761. No briefs were filed in that case. On May 9, 2018, the 1st DCA issued a *per curiam* opinion, affirming. *Pena v. State*, 246 So.3d (Fla. 1st DCA 2018).

The instant federal petition was filed in this Court on July 5, 2018. ECF No. 1. On July 23, 2018, Petitioner filed an Amended Petition. ECF No. 4. In the Amended Petition, Petitioner asserts four claims for relief: (1) his convictions for soliciting and traveling in Counts I and II violate double jeopardy principles; (2) that the Florida Legislature has not stated its intent to authorize separate convictions for the same conduct under Florida Statutes § 847.0135; (3) trial counsel misadvised him about the harshest sentence he would receive if he entered an open plea thereby rendering

the plea involuntary; and (4) trial counsel provided ineffective assistance in advising Petitioner to withdraw his motion to dismiss prior to entering an open plea.

## II.  Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state postconviction motion.  28 U.S.C. § 2254(b)(1), (c).  Respondent concedes that the Petition is timely and that Petitioner exhausted his state court remedies with respect to the double jeopardy challenge and the ineffective assistance claim. See Response, at 15 and 23.

## III.  Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue

made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"  *Burt v. Titlow,* 571 U.S. 12*,* 134 S.Ct. 10, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). See *Burt v. Titlow*, 571 U.S. 12 (2013) (standard for reviewing claims of legal error by state courts is "highly deferential").   This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. at 19.

This highly deferential standard carries special force in habeas cases asserting ineffective assistance of counsel claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under

*Strickland*[4]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court, requiring them to show that the state court's ruling was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Id*. at 12 (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786–787 (2011)).  "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. at 20 (quoting *Harrington*, 131 S.Ct. at 786).  "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy."  *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## IV. Discussion

### A. Claims 1 & 2: Double Jeopardy

In his first two claims, Petitioner argues that his convictions for soliciting

---

4 *Strickland v. Washington*, 466 U.S. 668 (1984).

and traveling violate double jeopardy principles, and that the Florida Legislature has not explicitly stated that it intended to allow for separate convictions for the same conduct. ECF No. 4.

The Supreme Court has limited the circumstances under which a guilty plea or its equivalent may be attacked on collateral review. "[A] voluntary and intelligent plea of guilty by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621 (1998).  A plea is voluntary in a constitutional sense "unless induced by threats . . . ,  misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business." *Id*. at 619 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). For a plea to be considered intelligently made, the accused must be reasonably informed of the "true nature of the charge against him." *Henderson v. Morgan*, 426 U.S. 637, 645 (1976).

In his plea hearing, the trial court gave Petitioner three choices: "You can ask me to continue the case for you to seek further counsel from an immigration attorney… you can continue with the change of plea today, or you can go to trial on Monday." ECF No. 14-1 at 167. The Defendant responded that "I really appreciate, Your Honor, the options that you're

giving me, but I think that it would be best for me to resolve the case as soon as possible… I want to get done with this as soon as possible." *Id.*

In his Petition To Enter Plea Of Guilty/Nolo Contendere, Petitioner acknowledged that he was represented by an attorney, that he had informed his attorney of the facts of the case, that he understood that he was giving up his right to a jury trial and direct appeal, and acknowledged that the maximum sentence that he faced was twenty-five (25) years in prison and a $25,000 fine. *Id.* at 80-81.

During the plea colloquy, Petitioner testified under oath that he had reviewed the plea petition with counsel and understood that he was entering a no-contest plea to three counts carrying a maximum sentence of twenty-five years in prison and a $25,000 fine. *Id.* at 162.  Petitioner affirmed that the parties were set for trial the following week, and he acknowledged that he was giving up his right to a trial and to a direct appeal, as well as other rights. *Id.* at 161-162 and 175. Petitioner denied that he was under the influence of any medications and affirmed that he was entering his plea "freely, knowingly, intelligently, and voluntarily." *Id.* at 176-177. Petitioner's counsel tendered the plea as "freely, knowingly, and voluntarily entered." *Id.* at 171. Finally, Petitioner testified that he understood that there was no agreement between the State and that the

court could sentence him to "any legal sentence." *Id.*

"A defendant who enters a guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992). A guilty "plea is not simply an admission of past conduct; it is a waiver of his right to trial before a jury or a judge. Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 747, 747-48 (1970).

The record reflects that Petitioner's open plea was counseled, voluntary and intelligent and done with sufficient awareness of the relevant circumstances and the likely consequences.

Notably, in *United States v. Broce*, 488 U.S. 563, 565 (1989), the Supreme Court held that a guilty plea and judgments of conviction foreclosed a later double jeopardy challenge, recognizing that "just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Id.* at 571. See also *Dermota v. United States*, 895 F.2d

1324, 1325 (11th Cir. 1990) (finding defendant waived his right to raise a

double jeopardy objection by pleading guilty to two separate offenses as a

result of a plea agreement he entered into freely, voluntarily and

accompanied by his attorney."); but see *Menna v. New York*, 423 U.S. 61,

96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (in limited cases, a guilty plea may not

constitute a waiver of double jeopardy where the State had no power to

prosecute a second charge at all).

The entry of Petitioner's voluntary open plea forecloses his double

jeopardy challenge.  Moreover, the record clearly establishes that Petitioner

knowingly waived his double jeopardy challenge when he withdrew his

motion to dismiss on those grounds. During the plea hearing, Petitioner

was asked on several occasions if he wished to withdraw his motion to

dismiss.

Trial Counsel:      …my client wishes to enter a plea.
The Court: And are you withdrawing your motion to dismiss?
Trial Counsel:    Yes.
The Court:  --not preserving the issue for appeal?
Trial Counsel:      That's correct, Judge.
The Court:  Does your client agree with that?
Trial Counsel:      Yes.
The Defendant:   Yes.
The Court:  Mr. Pena, have you been able to understand our Court interpreter?
The Defendant:   Yes.
The Court:  Do you understand that your attorney at some point believed there was a legal issue as to whether you could be sentenced on two of these charges at the same time?

The Defendant:   Yes.
The Court: And do you agree with him?
The Defendant:   Yes.

ECF No. 14-1 at 140-141.

The Court: I will either accept an open plea, if you want to enter one, or I will set it for trial. [to Trial Counsel], It's your call.
Trial Counsel:     Yes, ma'am. He wants to enter an open plea.
The Court: Is he willing to withdraw his previously filed motion to dismiss?
Trial Counsel:     Yes, ma'am, as he indicated on the record this morning.
The Court: Well, we indicated a couple of things on the record, but now he is saying that he is willing to withdraw his motion to dismiss; is that true?
The Defendant:   Yes.

*Id.* at 151-152.

The Court: Mr. Pena, you are specifically entering an open plea and you are waiving your right to have your motion to dismiss (on double jeopardy grounds) heard; is that correct?
The Defendant:   I understand.
The Court: [To Trial Counsel] the plea agreement still says that you are—he is preserving his right to have his motion to---
Trial Counsel:     Yes, Your Honor. I was going to bring that to your attention and ask that we X that out.
The Court: I'm going to cross it out and I'm going to ask your client to sign it.
Trial Counsel:     Yes.
The Court: Would you pass it back to him, please?
[to Interpreter], can you read to him what it said underneath?
The Defendant:   So I still have that opportunity?
The Court: No.
Trial Counsel:     No. Not now.
The Defendant:   Okay.
The Court: You are waiving your right to have your motion to dismiss heard.
The Defendant:   I understand.

The Court: And you agree?
The Defendant:   Yes, Your Honor.

*Id.* at 178-179.

During the plea hearing, Petitioner specifically waived his double

jeopardy challenge. "'Waiver'… connotes some kind of voluntary knowing

relinquishment of a right." *Green v. United States*, 355 U.S. 184, 191

(1957). A defendant may waive a double jeopardy challenge as part of a

plea agreement or other act of showing a relinquishment of a known right.

*Jenkins v. Sec'y, Dep't of Corr.*, 715 Fed. Appx. 881, 884 (11th Cir. 2017),

citing *Ricketts v. Adamson*, 483 U.S. 1, 9-10 (1987). See *Novaton v. State*,

634 So.2d 607, 609 (Fla. 1997) (holding that a bargained-for plea waives

the right to attack multiple convictions on double jeopardy grounds unless

there is a general plea, the double jeopardy violation is apparent from the

record, and there is nothing in the record to indicate a waiver of double

jeopardy).

In the instant petition, both Petitioner's entry of the open plea and his

withdrawal of the motion to dismiss foreclose his double jeopardy

challenge. Petitioner has, therefore, failed to show that the state court's

rejection of his double jeopardy claims is contrary to, or an unreasonable

application of, clearly established federal law. Petitioner, therefore, is not

entitled to federal habeas relief.

### B.  Claims 3 & 4: Ineffective Assistance of Counsel

In claims three and four, Petitioner contends that his counsel rendered ineffective assistance in two ways: First, counsel misadvised him that the harshest sentence he would receive if he entered an open plea was four years, making his plea involuntary; and second, counsel misadvised him that he should withdraw the motion to dismiss on double jeopardy grounds prior to entering the plea.  ECF No. 4 at 13-15.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that for a convicted defendant to establish that he or she was deprived of the Sixth Amendment right to effective assistance of counsel at trial, the defendant must show: (1) deficient performance by trial counsel; and (2) prejudice. *Id.* at 692. The *Strickland* test applies in habeas challenges to the voluntariness of a plea when ineffective assistance of counsel is alleged. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "The standards created by *Strickland* and §2254(d) are both highly deferential."  *Premo v. Moore*, 562 U.S. 115, 123 (2011). The decision to plead involves the making of difficult judgments, and the requirement "[t]hat a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." *McMann*

*v. Richardson*, 397 U.S. 759, 770 (1970). If a defendant pleads guilty on advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 771. A defendant who enters a plea may not raise claims relating to deprivation of constitutional rights occurring before the plea but may only attack the voluntariness of the plea by showing counsel's advice fell below the *McMann* standard. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*Broce*, 488 U.S. at 569; *see also Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."), *disapproved of in part on other grounds, Puckett v. United States*, 556 U.S. 129, 138 n.1 (2009).

To satisfy the prejudice prong of *Strickland* in the context of a habeas challenge to a conviction based on a plea, the petitioner "must show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "It is not enough for [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977) (superseded by the AEDPA on other grounds). When, at a plea colloquy, the presiding judge correctly advises a defendant about the consequences of pleading guilty, the judge's advice cures any contrary advice by counsel. See, e.g*., United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (holding that an erroneous prediction by counsel is not ineffective assistance where an adequate plea hearing was held and a written plea agreement accurately stated the potential sentence). *United States v. Wilson*, 245 Fed.Appx. 10, 12 (11th Cir. 2007).

In his Petition To Enter Plea Of Guilty/Nolo Contendere, Petitioner acknowledged that he was represented by an attorney, that he believed his

attorney was "fully informed on all such matters" and that he "has properly investigated all witnesses … facts of the case, defenses available … and motions appropriate to file." ECF 14-1 at 80-81. Petitioner further agreed that "I BELIEVE THAT MY ATTORNEY HAS DONE ALL THAT A COMPETENT ATTORNEY COULD DO TO COUNSEL AND ASSIST ME. I AM SATISFIED WITH THE ADVICE S/HE HAS GIVEN ME." *Id.* at 81. (emphasis in original).

During the plea colloquy, Petitioner's counsel asked if he had done everything asked of him as his lawyer to which the Petitioner responded, "I have no complaint about you, sir." ECF 14-1 at 168. Counsel asked if anyone had told him anything different than what they had represented to the court that day, to which he replied "No, sir." *Id.* at 167. Counsel asked if anyone made Petitioner any promises, or made any threats, "or otherwise forced you to enter an open plea here today?" To which the Petitioner responded, "No, sir." *Id.* Petitioner testified that he was satisfied with his attorney's advice and counsel. *Id.* at 177. Furthermore, the state court made clear that an open plea meant that there was no agreement with the State and that the court could impose any "legal sentence" up to the maximum sentence of twenty-five (25) years. *Id.* at

The state attorney proffered the following three-count information: On

Count One, the State was prepared to prove that on or about June 28, 2013, the defendant knowingly used his iPhone "capable of electronic data storage and transmission, to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a person he believed to be a 13-year-old child to commit an act related to lewdness contrary" to Florida law. *Id.* at 173. On Count Two, the State was prepared to prove that on or about June 28, 2013, the defendant traveled any distance within Florida in an attempt to "engage in any illegal act" or "otherwise engage in unlawful sexual conduct with a person the defendant believed to be 13-years-old and he did so after using a computer, online service, local bulletin board service, or any other device capable of electronic data storage and transmission and specifically his iPhone to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice said individual to engage in any illegal act" in violation of Florida law. *Id.* at 173-174. On Count Three, the State was prepared to prove that the defendant on or about June 28, 2013, "unlawfully and knowingly use[d] a two-way wireless communications device, specifically a cellular phone, to further the commission of a felony offense" in violation of Florida law. *Id.* at 174.

During the hearing, the state court gave Petitioner many opportunities to choose to go to trial rather than enter an open plea. ECF 14-1 at 151,

152-153 and 158. On each of those occasions, Petitioner stated that his choice was to enter an open plea. *Id.*

Based on the petition, plea colloquy and the factual basis, the court accepted the plea as "freely, knowingly, and voluntarily entered and there is an adequate factual basis." *Id.* at 179. The court then asked the State what sentence it recommended, and the State recommended a fifteen (15) year sentence on Count II (traveling) and the maximum five (5) year sentence on both Counts I and III. *Id.* at 180. The Court then asked Petitioner's counsel what sentence he recommended, and counsel asked for the minimum sentence of four (4) years. *Id*.

Petitioner's counsel informed the court that although the charges were "very serious" and Petitioner did not qualify for any downward departures, he was asking for the minimum sentence allowed given that Petitioner had no prior criminal history. *Id.* The State countered that a tougher sentence was warranted given the explicit nature of the Petitioner's communications with someone he thought was a13-year-old child and the danger he posed to society. *Id.*

Petitioner then spoke on his own behalf. Petitioner admitted his "mistakes" and asked for "forgiveness for [his] actions." *Id.* at 185. Petitioner addressed personal factors in mitigation of his sentence, such as

his work history, helping his mother and other family members who needed assistance, and his lack of a criminal record.  *Id.* at 185-186.

The court concluded that based on its review of the recorded communications that Petitioner intended to meet a child. "In reviewing the documents…, not only were there comments regarding the child's age, either 13 or 14, but also comments by her like, I don't drive yet, none of my friends can drive, our parents take us to the movies. That happened again and again in the transcript that I read… those are things that should have prompted you to stop.  Those are things that would have prompted most people to stop."  *Id.* at 187-188.

The court adjudicated Petitioner guilty and sentenced him to five (5) years for Count I, ten years for Count II, five years for Count III with the sentences to run concurrently and credit for time served.  *Id.* at 188.

On this record, it is apparent that the trial court in Petitioner's case conducted a thorough plea colloquy during which Petitioner was made fully aware of the nature of the charges, the maximum sentence he faced, and the rights he was waiving by entering a plea.  The court ensured that the plea was supported by an adequate factual basis, and made specific factual findings that the plea was freely, knowingly, and voluntarily entered. The state court's findings as to the validity of plea must be presumed to be

correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C § 2254(e)(1).

With respect to Petitioner's ineffective-assistance claims in connection with the plea, it is clear from the record that Petitioner knew he was waiving his right to a trial and that he was made aware by counsel and the court that he faced a maximum twenty-five-year (25) sentence and $25,000 fine.  Petitioner was fully informed that he was entering an open plea that would require him to withdraw his motion to dismiss.  ECF No. 14-1 at 152. Petitioner was also informed that his sentence would be determined solely by the court.  ECF No. 14-1 at 161.

As the Supreme Court has explained, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett,* 411 U.S. at 1608. Petitioner "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann," id.;* that is, he must demonstrate that the advice was not "within the range of competence demanded of

attorneys in criminal cases." *McMann,* 397 U.S. at 771.

Petitioner has not demonstrated that counsel's advice to enter a plea was outside the range of competence demanded of attorneys in criminal cases. Petitioner's dissatisfaction with his ultimate sentence does not mean that counsel performed deficiently in advising him to plea. Petitioner has failed to show that the state court's rejection of his ineffective-assistance claim in connection with the plea is contrary to, or an unreasonable application of *Strickland.* Petitioner, therefore, is not entitled to federal habeas relief.

## V.   Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## VI.  <u>Conclusion</u>

For the foregoing reasons, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DENIED** and a COA should be **DENIED.**

**IN CHAMBERS** this 22nd day of July 2021.

<u>*s/Gary R. Jones*</u>
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES[5]</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic</u>**

---

[5] Upon review of the Florida DOC online inmate locator, it appears that Petitioner is currently confined at Okeechobee CI.  The Clerk is directed to forward a copy of this Report and Recommendation to his address of record with the Court and to Okeechobee CI.

**docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**